IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PLP INVESTMENTS, LLC,
    Plaintiff,

vs.                                                  Case No.: 3:15cv373/RV/EMT

CHERICKA HALL,
    Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

Defendant Chericka Hall ("Hall"), proceeding pro se, commenced this federal action by filing a Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, seeking to remove PLP Investments, LLC v. Cherika Hall, Case No. 2015-CC-002835, from the County Court in and for Escambia County, Florida (doc. 1). Hall also filed a motion for leave to proceed in forma pauperis (doc. 2), which will be granted.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b). After careful consideration of the record in this case, the undersigned concludes that this court lacks a proper basis for removal jurisdiction of the state court action, and the state court matter should be remanded to the state court from which it was removed.

In the notice of removal, Hall states she is the defendant/tenant in a residential eviction action filed by Plaintiff in state court, concerning property located at 920 Belair Road, Pensacola, Florida (doc. 1). Hall attached to her notice a copy of the Eviction Summons and Complaint for Eviction (including a copy of the written lease agreement and a copy of a notice to pay rent or deliver possession, both of which were attached to the Complaint for Eviction) (*see id.*, attachments). Hall alleges this federal court has jurisdiction pursuant to its federal question

jurisdiction, 28 U.S.C. § 1331 (doc. 1 at 2–3). She also alleges the eviction complaint "fails to allege compliance with the Civil Rights Act of 1968" (*id.* at 2). She claims Plaintiff has discriminated against her based upon her race ("Afro-American") and bad credit history (*id.* at 2–3).

The right to remove a case from state to federal court derives from the statutory grant of jurisdiction in 28 U.S.C. § 1441, which provides in relevant part:

> (a) . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Original jurisdiction over a case may be established where there is complete diversity and the matter in controversy exceeds the value of $75,000 (*see* 28 U.S.C. § 1332(a)), or where the action "aris[es] under the Constitution, laws, or treaties of the United States" (*see* 28 U.S.C. § 1331). Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352 n.2 (11th Cir. 2003). In assessing the propriety of removal, the rules for determining whether a controversy "arises under" federal law, thereby creating federal question jurisdiction, are well established. First, federal law must be an "essential" element of the plaintiff's cause of action. Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112, 57 S. Ct. 96, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal must be "presented on the face of the plaintiff's properly pleaded complaint." Rivet v. Regions Bank of La, 552 U.S. 470, 475, 118 S. Ct. 921, 139 L. Ed. 2d 912 (1998) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)); *see also* Gully, 299 U.S. at 112–13 ("To bring a case within the [federal-question removal] statute, a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. . . . and the controversy must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."). "A case will not be removable if the complaint does not affirmatively allege a federal claim." Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 156 L. Ed. 2d 1 (2003). Thus, the federal claim or right that provides the predicate for removal cannot appear for the first time in a defendant's answer by way of defense, nor is it sufficient for the federal question to enter the case as a counterclaim asserted by a defendant. 14B CHARLES ALAN WRIGHT & ARTHUR WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE ch. 7, § 3722.3, pp. 402–14 (4th ed.); *see*

Caterpillar Inc., 482 U.S. at 399 ("[A] defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated."); Gully, 299 U.S. at 113; *see also* Hunt v. Lamb, 427 F.3d 725 (10th Cir. 2005) (vacating dismissal and ordering remand to state court, holding that court lacked jurisdiction over custody dispute, even if defendant sought to vindicate federal civil and constitutional rights by way of defense or counterclaim); Takeda v. Nw. Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) (removability cannot be created by defendant pleading a counterclaim presenting a federal question). Third, the federal question raised must be a "substantial" one. Hagans v. Levine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127–28, 94 S. Ct. 1002, 39 L. Ed. 2d 209 (1974); Burns v. Windsor Inc. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (the defendant seeking removal has the heavy burden of proving removal is proper). Remand is favored when there is a doubt as to whether removal was proper. *See* Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1050 (11th Cir. 2001); Burns, *supra*.

In the instant case, Hall has failed to carry her burden of demonstrating that removal is proper under the court's federal question jurisdiction. It is clear from a review of the complaint filed by Plaintiff in state court that the eviction action arises exclusively under state law, specifically, the Florida Residential Landlord and Tenant Act ("FRLTA"), Fla. Stat. §§ 83.40–.681, which authorizes a landlord to enforce its rights under the FRLTA by civil action in state court. *See* Fla. Stat. § 83.54. Hall's asserting a federal constitutional defense to the enforcement action does not provide a basis for removal. *See* Caterpillar Inc., 482 U.S. at 399.

Summary disposition of the notice of removal is proper because, assuming arguendo that Hall could establish the validity of her claim of racial discrimination, it would not provide a basis for removal under 28 U.S.C. § 1441. *See* Varney v. State of Ga., 446 F.2d 1368, 1369 (5th Cir. 1971) (district court did not err in remanding case without conducting a hearing where, assuming

arguendo that removing defendant could establish validity of his claims, it was "patent" that none of them supported removal)[1]; State of Ga. v. Spencer, 441 F.2d 397, 398 (5th Cir. 1971) (same).

Accordingly, it is **ORDERED**:

Defendant's motion to proceed in forma pauperis (doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the removal be **DISMISSED** as improper and the clerk be directed to **REMAND** this case to the County Court in and for Escambia County, Florida.

At Pensacola, Florida, this 21st day of August 2015.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.**  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit Court of Appeals issued before the close of business on September 30, 1981.

Case No.: 3:15cv373/RV/EMT